IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>

| | | |
|---|---|---|
| ALONZO LEMONT CONYERS, SR. | * | |
| | * | |
| Plaintiff, | * | Civil No. 06-231 JFM |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF THE ARMY | * | |
| | * | |
| Defendant. | * | |
| | ***** | |

## <u>OPINION</u>

This action arises from an accident that occurred on October 21, 2002, in which Plaintiff[1] was severely burned while cooking dinner in the Army housing assigned to his family. As a result of the accident, Plaintiff asserts a negligence claim against the United States.[2] The United States has filed a motion to dismiss based on lack of subject matter jurisdiction and failure to state a claim. For the following reasons, the motion will be granted.

## I.

In July of 2001, Plaintiff moved with his wife, SFC Valerie T. Conyers, and their two sons to Fort Meade, Maryland. Plaintiff is enrolled in the Army's Exceptional Family Member

---

[1]Plaintiff originally instituted this action *pro se*. Because of the extremely unfortunate nature of the accident, the extent of the injuries Plaintiff sustained, and the closeness of the legal issues, I appointed James S. Zavakos to represent Plaintiff. I wish to thank Mr. Zavakos for the highly professional services he has rendered to his client and the court.

[2] Plaintiff originally asserted his claim against the Department of the Army. The United States made a motion to substitute itself for the Department of the Army pursuant to the Federal Tort Claims Act ("FTCA"), which provides that the exclusive remedy for persons claiming damages resulting from the negligent acts of federal employees acting within the scope of their employment is a suit against the United States. *See* 28 U.S.C. § 2679(b)(1). This motion is meritorious and shall be granted.

Program; his wife was assigned to Fort Meade because it is close to Walter Reed Medical Center, where Plaintiff receives treatment for several health problems. Prior to the move, SFC Conyers requested that the Army provide her family with special housing because of her husband's medical conditions. Her letter to the Housing Division at Fort Meade indicated that her husband suffered from reflex sympathetic dystropy, hepatitis C, loss of vision in his left eye, congestive heart failure, and hypertension, and that he was confined to a wheelchair. On the basis of this letter, the Conyers family was assigned to a single level dwelling unit in Fort Meade on June 27, 2001. Plaintiff alleges that he requested a fire extinguisher from the Department of the Army upon moving into his new quarters, but was not provided with one until June of 2004.

On the evening of October 21, 2002, Plaintiff placed a frying pan containing grease on the stove and set the dial to "high." He then left the room for between three and five minutes while he went to the bedroom to take his evening pain medication. Upon returning to the kitchen, Plaintiff saw that flames were extending from the frying pan all the way to the ceiling. He first attempted to put out the fire by throwing a dish towel on the flames. When this failed, he raised himself from his wheelchair, grabbed the handle of the pan, and put the pan into the kitchen sink. In the process of doing so, hot grease and fire spilled out of the pan and onto his arm, severely burning him. Plaintiff suffered from third and fourth degree burns and nerve damage.

On October 20, 2004, Plaintiff filed a personal injury claim with the Fort Meade Office of the Staff Judge Advocate. The United States Army Claims Service subsequently denied the claim because it found Plaintiff to be contributorily negligence. Plaintiff then filed the present action on January 26, 2006, claiming that the United States was negligent when it failed to provide him with a fire extinguisher upon his request. Defendant contends that Plaintiff has

failed to state a claim upon which relief may be granted because under Maryland law there is no

duty for a landlord to provide a tenant with a fire extinguisher.[3]

## II.

Under Rule 12(b)(6), a complaint may not be dismissed for failure to state a claim upon

which relief can be granted unless "it appears beyond doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41,

45-46 (1957). When determining the merits of a motion to dismiss, the court must "accept the

factual allegations of the complaint as true and must view the complaint in the light most

favorable to the plaintiff." *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 548

(4th Cir. 2001). Plaintiff is bringing suit under the Federal Tort Claims Act. Since the acts at

issue in this case occurred in Maryland, this Court looks to Maryland for the applicable

substantive law.[4]

In order to make out a claim for negligence under Maryland law, Plaintiff must be able to

---

[3] Defendant also contends that this court lacks subject matter jurisdiction because at the time of the accident an independent contractor and not an agent of the United States was managing the property. At the time Plaintiff requested a fire extinguisher, however, the United States was managing the property, and Plaintiff's request was directed to agents of the United States. If there is a duty under Maryland law for a landlord to provide fire extinguishers to tenants, that duty was breached by the United States when it failed to respond to Plaintiff's request within a reasonable time. It is therefore irrelevant that at the time the injury actually occurred an independent contractor, and not the United States, was managing the property. Defendant also contends that Plaintiff was contributorily negligent. Since I hold that Defendant did not owe Plaintiff any duty, I need not reach the question of Plaintiff's alleged contributory negligence.

[4] *See* 28 U.S.C. § 1246 (b)(1) (allowing for claims against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred").

prove that: 1) Defendant owed a duty to Plaintiff; 2) Defendant breached that duty; 3) a causal connection between the breach and the harm suffered by Plaintiff exists; and 4) Plaintiff suffered damages. *Jacques v. First National Bank of Maryland*, 515 A.2d 756, 758 (Md. 1986). In the case at hand, the only contested element is duty. "The duty element in a negligence action is an obligation to which the law will give effect and recognition to conform to a particular standard of conduct toward another." *Id*. (internal quotation marks and citation omitted). Whether a duty exists or not in a given case is an issue of law for the court to decide. *Hemmings v. Pelham Wood Ltd. Liab. Ltd. P'ship*, 826 A.2d 443 (Md. 2003). When the existence of a legal duty, however, depends on the resolution of a factual dispute, the factfinder should first determine the material facts. *Corinaldi v. Columbia Courtyard, Inc*., 873 A.2d 483, 490 (Md. Ct. Spec. App. 2005) (citing *Walpert, Smullian & Blumenthal, P.A. v. Katz*, 762 A.2d 582 (Md. 2000)).[5]

### III.

Maryland courts have imposed a duty on landlords to make repairs or correct defects in leased premises in four different situations: 1) when the duty is created by statute; 2) when the duty arises under contract, whether express or implied; 3) when the landlord had control of the premises containing the defect, notice of the defect, and the plaintiff's injury was foreseeable; and 4) when the defect pre-existed the tenant's possession of the premises. In the case at hand, the parties have agreed that no applicable statute creates a duty for a landlord to provide tenants

---

[5]In *Jacques v. First National Bank of Maryland, supra*, the Court of Appeals stated *in dictum* that "where the risk created is one of personal injury, no such direct relationship need be shown, and the principal determinant becomes foreseeability." *Id*. at 759-60. Relying upon this language, Plaintiff contends that in personal injury cases the element of foreseeability and duty are conflated. However, as the cases cited in the text, *infra*, demonstrate, the existence of a duty owed by a landlord to a tenant remains a required element of a negligence claim under Maryland law.

with fire extinguishers. Plaintiff also does not allege that Defendant ever promised to provide him with a fire extinguisher; he alleges only that he requested a fire extinguisher and one was not provided. Therefore, contract law does not apply.

Precedents dealing with pre-existing defects also do not apply. The case law requires that the defect be hidden and unknown to the defendant,[6] and in this case it is undisputed that the tenant knew the apartment did not contain a fire extinguisher. Thus, whether a duty arises under the facts of this case depends upon whether Plaintiff can fit his claim into the line of cases imposing a duty on a defendant who has control and knowledge of a defect that causes foreseeable injury to the plaintiff.

In *Hemmings v. Pelham Wood Limited Liability Limited Partnership*, *supra*, the Court of Appeals held that a landlord could be held liable for the murder of plaintiff's husband inside the apartment in which they resided.  The basis for the court's holding was that the landlord may not have provided adequate exterior lighting despite notice that there had been 29 burglaries or attempted burglaries and two armed robberies at the apartment complex during the two-year period preceding the murder.  In so holding, however, the court noted the general rule that "when a landlord has turned over control of a leased premises to a tenant, it ordinarily has no obligation to maintain the leased premises for the safety of the tenant."  826 A.2d at 452.

---

[6] *See Smith v. State of Maryland*, 48 A. 92 (Md. 1901) ("As the [landlord] does not warrant the condition of the premises, and the tenant, because he can inspect them, assumes the risk of their state; for any injury suffered by him during his occupancy by their defective condition, or even faulty construction, he cannot make the lessor answerable, unless there was misrepresentation, active concealment, or perhaps a total inability on the tenant's part to discover the defect before entering."); *see also State v. Feldstein*, 113 A.2d 100, 104 (Md. 1955) (quoting *Sherwood Bros.*, *Inc. v. Eckard*, 105 A.2d 207, 209 (Md. 1954) ("[T]he landlord is not liable for injuries caused by defects existing at the time of the lease except as he may have failed to inform the lessee of defects *known to him, and not apparent to the lessee*.) (emphasis in original)).

*Matthews v. Amberwood Associates Limited Partnership*, 719 A.2d 119 (Md. 1998), was a case falling within an exception to the general rule reaffirmed in *Hemmings*.  In *Matthews* a child died as the result of an attack by a highly dangerous pit bull inside an apartment.  The Court of Appeals upheld a jury's verdict in favor of the plaintiff because the lease gave the landlord the right to terminate the tenancy if the tenant violated the lease's "no pets" provision.  *Id*. at 125-26.  Thus, the Court of Appeals found that the landlord retained the control necessary to prohibit a tenant from keeping a vicious dog in an apartment.  Again, however, the Court of Appeals noted the continuing viability of the general rule "that a landlord is not responsible for dangerous conditions in the leased premises."  *Id*. at 124.

In the present case, according to Plaintiff's allegations, Defendant did have knowledge of the potentially dangerous condition because Plaintiff had told the Army his apartment lacked a fire extinguisher and requested that one be provided to him.  It was also at least arguably foreseeable that the lack of an available fire extinguisher in the apartment would make the consequences of a cooking fire more serious, particularly in light of the fact that Defendant knew Plaintiff was disabled.  However, what is lacking is any allegation that Defendant retained control over the apartment in which Plaintiff and his wife lived.  Absent such an allegation, under Maryland law there is no basis for finding that Defendant owed any duty to Plaintiff to provide him with a fire extinguisher.  Although it certainly would have been desirable for Defendant to act more responsibly under the circumstances, Plaintiff and his wife were fully aware that there was no fire extinguisher in the apartment, and they could have purchased a fire

extinguisher to provide the protection Plaintiff believed was necessary.[7]

     For these reasons I find that Defendant owed no duty to Plaintiff, and that Plaintiff's claim therefore fails as a matter of law.

     A separate order effecting the rulings made in this memorandum is being entered herewith.

Date: January 12, 2007               /s/_____

                                    J. Frederick Motz
                                    United States District Judge

---

[7] Plaintiff also argues that evidence of subsequent remedial measures should mitigate in favor of finding a duty, since the Conyers were eventually provided with a fire extinguisher after the accident. Plaintiff cites *Wilson v. Morris* for the proposition that this evidence is admissible. 529 A.2d 1151 (Md. Ct. Spec. App. 1988), *aff'd by* 563 A.2d 392 (Md. 1989). *Wilson*, however, was overruled by *Tuer v. McDonald*, in which the Maryland Court of Appeals found that the *Wilson* decision had been preempted by statute. 347 Md. 507 (Md. 1997). The court stated that the *Wilson* rule, which allowed evidence of subsequent remedial measures to be introduced for the limited purpose of defining the scope of a duty, provides an exception that would swallow the rule. *Id.* at 1109. Therefore, it is clear that under Maryland law the subsequent provision of a fire extinguisher to the Conyers cannot constitute evidence that Defendant had a duty to provide tenants with fire extinguishers.